UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>JAMES FRANCIS MURPHY;<br>DENINE CHRISTINE MURPHY,<br><br>        Defendants. | Case No.12cr2497 AJB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT I FOR DUPLICITY, TIME BARRED, OR TO REQUIRE PLAINTIFF'S ELECTION OF THEORIES; FOR BILL OF PARTICULARS; AND TO DISMISS FOR INTERMINGLED CIVIL AND CRIMINAL INVESTIGATIONS<br>(Docs. 46-1, 46-2, 48-2) |

    On June 18, 2013, the Court heard argument regarding the above entitled motions, following the second evidentiary hearing in the case. The first evidentiary hearing proceeded on May 17, 2013. A number of pending motions were ruled on at the conclusion of argument on June 18, 2013, and several were taken under submission at the time. The Court now issues its Order with regard to the disposition of those submitted motions, incorporating, where applicable, the Court's comments on the record..

    Defendant, Denine Christine Murphy, filed a Motion to Dismiss the Indictment on the base of improper and intermingled civil and criminal investigations (Doc. No. 46-1) . Defendant, James Murphy, joined in this motion and others, and that Joinder was granted

at the June 18, 2013 hearing (Defendant Denine Christine Murphy's Joinder Motions were similarly granted at that time).

Based upon the pleading and records filed in the case, and the record of proceedings for the hearings on May 17, 2013 and June 18, 2013, the Court denies this motion to dismiss. While it was made clear by the evidence that the Internal Revenue Service violated 26 U.S.C. § 7602 in issuing administrative summonses after April 1, 2008 (the date the Department of Justice referred the matters of Mr. and Mrs. Murphy to the United States Attorney's Office for the Southern District of California for violation), the Court finds that this was part of a good faith collateral effort to collect outstanding taxes and not an effort to intermingle civil and criminal investigations or otherwise attempt to take unfair advantage of its administrative discovery power in the case. No "institutional bad faith" was demonstrated by defendants. As such, the Court finds that defendants have failed to show an adequate basis for the remedy of dismissal of the indictment in this case on this basis, and the Motion to Dismiss for intermingled investigations and institutional bad faith is DENIED.

However, as noted below, the violation of 26 U.S.C. § 7602 warrants suppression of the information received from the third party financial institutions by virtue of the summonses issued after April 1, 2008.

In the alternative, Denine Christine Murphy filed a motion, joined by Mr. Murphy, requesting the suppression of the information obtained by the Internal Revenue Service by administrative summonses issued after April 1, 2008. (Doc. No. 46-2). The summonses were issued in violation of 26 U.S.C. § 7602 in that the were issued after the referral of the current case to the U.S. Attorney's Office for prosecution. At that point, no further administrative discovery should have proceeded. However, as stated above collection operations previously assigned to a revenue officer, lead to the issue of administrative summonses on September 25, 2008, February 23, 2009, and October 19, 2009. As a result, third party records regarding the defendants were obtained.

Given this violation of statute, suppression is warranted. Therefore, all information received through these administrative summonses, having been improperly collected, will be suppressed from any and all use in the prosecution of the case at hand. Defendants' Motion to Suppress is GRANTED.

Defendant, Denine Christine Murphy, filed a motion to dismiss the Indictment as duplicitous, time barred, or in the alternative to force the United States to elect between any remaining non-time-barred counts. (Doc. No. 48-1). Once again, Defendant James Murphy joined.

The essence of defendants' arguments is that the plaintiff has charged two or more separate offenses in a single count. Plaintiff has caused the filing of an Indictment which includes Count 1, charges of violation of 26 U.S.C. § 7212(a), Corrupt Interference with Administration of the Internal Revenue Laws. Plaintiff has alleged nine categories of acts that purport to violate the statute. Defendants allege that a jury could potentially convict on Count I, but without twelve jurors agreeing unanimously that Mr. and/or Mrs. Murphy committed even one criminal act. The Court finds that this concern can be dealt with by a special verdict at the time of trial.

The nine categories of acts in Count 1 are the means by which defendants allegedly corruptly endeavored to obstruct and impede the due administration of the Internal Revenue Laws. Among them, in Count 1, subsection (i), the sending of false, written accusations of criminal conduct to an employee of the IRS in order to intimidate the employee from performing his official duties. While at first blush, this may appear to be a separate crime, upon a reading of the four corners of the Indictment, and the materials and testimony provided in connection with these motions, it is clear to the Court that this allegation is just one of the many means allegedly employed by defendants in this case. Based thereon, the Motion to Dismiss is DENIED on duplicitous grounds.

Defendants then moved for dismissal on the basis that many of the acts charged "time barred" in that they are outside of the applicable statute of limitations. The Court finds that the applicable statute of limitations for § 7212(a) offenses is six years, running

from the last date that each defendant submitted financial instruments and tax forms to the IRS, in 2008 and 2009, respectively. *United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996). The record to date shows activity within this six year window and, therefore, defendants have failed to establish that any of the claims in the Indictment specifically alleged are outside of this six year time period. While Count 1 of the Indictment starts, " Beginning on a date unknown to the grand jury, but no later than September 2000 . . .", all of the acts or means date from 2003 and later, and the alleged tax years in dispute date from 2003 or later. Therefore, the Motion to Dismiss the claims as time barred, or in the alternative, to force the government to elect non-time barred claims, is DENIED.

Finally, defendant, Denine Christine Murphy, filed a Motion for a Bill of Particulars. (Doc. No. 48-2), also joined by defendant, James Murphy. Considering the pleadings and records on file, the testimony and arguments of counsel, it appears clear that the Indictment and extensive discovery provided by the United States, has adequately advised defendants of the charges. This was clearly demonstrated by counsel's clear knowledge of the nuances of the tax proceedings and the basis for the allegations of the government in this case. Based thereon, the Court finds that the charges stated in the Indictment and the comprehensive discovery, are sufficiently detailed and apprise the defendants of the charges to protect them against double jeopardy, and allow the preparation of a defense. Therefore, the Motion for a Bill of Particulars is DENIED.

IT IS SO ORDERED.

DATED: June 24, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge